UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAGEWATER, LLC,<br>          *Plaintiff*,<br><br>   v.<br><br>DAVID HOSSFELD, and NATIONAL RENOVATIONS, LLC d/b/a REPIPE SPECIALISTS,<br>          *Defendants.* | No. 1:23-cv-00770-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (ECF 460) of this Court's Order granting in part summary judgment for Defendants (ECF 447). Having considered the motion, the opposition, the reply, and for the reasons stated below, the Court **DENIES** the motion for reconsideration.

**I.     PROCEDURAL HISTORY**

On April 2, 2024, Plaintiff SageWater LLC ("SageWater") filed an amended complaint[1] against its former Vice President of Sales, David Hossfeld ("Hossfeld"), and Hossfeld's new employer, National Renovations, LLC d/b/a/ Repipe Specialists ("Repipe") (collectively, "Defendants"). ECF 170. SageWater alleged that Hossfeld improperly transferred SageWater's "confidential, proprietary, and trade secret information" to a personal computer and then brought that information to Repipe who then used it to "unfairly compete with SageWater in the marketplace." *Id.* at ¶¶ 1-5, 10. Defendants moved for summary judgment on July 26, 2024. ECF 286 & 302. Plaintiff filed a timely response on August 9, 2024. ECF 337. And Defendants filed

---

[1] On June 13, 2023, SageWater filed its original complaint. ECF 1. On September 18, 2023, SageWater filed an amended complaint. ECF 40. And on April 2, 2024, Plaintiff amended its complaint for a third time. ECF 170.

their replies on August 15, 2024. ECF 378 & 389. On September 6, 2024, following oral argument, the Court granted Defendants' motions in part and denied them in part. ECF 447. On September 18, 2024, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure 54(b) alleging that the Court's ruling "constitutes clear error that results in manifest injustice to SageWater." ECF 469 at 1.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), the Court has discretion to "reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. v. Big S. Wholesale of Va.*, LLC, 899 F.3d 236, 256–57 (4th Cir. 2018) (citation omitted). But the Court may only revise an interlocutory order only when there is a "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (internal citations and quotations omitted). To qualify under the "clear error" exception, a prior decision must be more than "just maybe or probably wrong; it must strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Id.* at 258 (internal citations and quotations omitted). In other words, the Court's prior judgment must be "dead wrong." *Id.* (internal citations and quotations omitted). Because "[s]uch problems rarely arise . . . the motion to reconsider should be equally rare." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (internal citations and quotations omitted).

A motion for reconsideration under Rule 54(b) "is not a tool with which an unsuccessful litigant may force the court's attention to matters adequately and previously addressed." *LaFleur v. Dollar Tree Stores, Inc*, No. 2:12-cv-363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014). And such motions should be denied when the moving party bases its motion on previously

available evidence. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325–26 (4th Cir. 2017). The Fourth Circuit has "consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment." *Id.*

### III. ANALYSIS

#### A. Failure to Identify Trade Secrets with Sufficient Particularity

SageWater first contends that this Court committed "clear error" when it determined that that SageWater did not identify with sufficient particularity several of its purported trade secrets, including (1) the bids and estimating spreadsheets for the Six Projects; (2) the My Open Opportunities Spreadsheet ("MOS"); and (3) the Master Garden Style Bidsheet. ECF 469 at 5. Despite asserting that there is no requirement to present its purported trade secrets to the Court, SageWater nonetheless filed an exhibit along with its memorandum in support of its motion for reconsideration, which provides the bates numbers for these aforementioned documents. *See* 469-2. But this is the ***first time*** SageWater has identified with the requisite specificity (to both the Court and to Defendants) this narrow list of items it claims are trade secrets. Not only has SageWater changed the scope of its misappropriation claim in its instant motion, but it has presented ***new*** evidence to the Court. SageWater is not entitled to a second bite at the apple. And a motion for reconsideration is not the appropriate place to submit "the very evidence that was initially lacking in opposition to summary judgment." *Carlson*, 856 F.3d at 326 (4th Cir. 2017). Because this Court finds no clear error and no resulting manifest injustice to SageWater, this Court will deny SageWater's motion (ECF 460) as to its misappropriation claims (Counts I and II).

**B.     Dismissal of Breach of Fiduciary Duty of Loyalty and Conversion Claims**

SageWater next claims that this Court again committed "clear error" when it granted summary judgment on SageWater's claims for breach of fiduciary duty and conversion. ECF 469 at 13-14. This Court, relying on *E.I. du Pont de Nemours and Co. v. Kolon Indus.*, Case No. 3:09cv58, 2011 WL 4625760 (E.D. Va. Oct. 3, 2011), found insufficient evidence in the record of "an adequate identification of damages to survive summary judgment with regard to the breach of fiduciary duty or the conversion claim." ECF 449 (Tr. 55:13-19). Accordingly, "any amount that the jury could possibly award for conversion of non-trade secret, but still confidential, information would be entirely speculative." *E.I. du Pont*, 2011 WL 4625760, at *9. The issue of speculation is the same with respect to the breach of fiduciary duty claim. SageWater contends that this Court's reliance on *E.I. du Pont* is premature (because that decision was reached on a motion for judgment as a matter of law, not summary judgment) and that SageWater must be given the opportunity to present evidence at trial of its damages for these two claims. ECF 469 at 15. But SageWater fails to establish what possible evidence it could present at trial, when its expert failed to value confidential information that has been "stripped of some, or all, of its value as a trade secret." *E.I. du Pont*, 2011 WL 4625760, at *9.[2] Accordingly, SageWater cannot establish that this Court's ruling constitutes clear error. Because SageWater seeks to simply "reargue issues that the Court has addressed," *LaFleur*, 2014 WL 2121563, at *1, the Court will deny the present motion as to Counts IV and V.

---

[2] Instead, SageWater's expert, Robert McSorley, concluded that the AOS had the *same value* of approximately $23 million whether it is found to be a trade secret (for its misappropriation claim) or mere confidential information (for its conversion claim). *See* ECF 331-1 (McSorley Report).

## IV. CONCLUSION

The Court will not depart from its September 6 Order. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider (ECF 460) is **DENIED**.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

October 17, 2024
Alexandria, Virginia