UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAGEWATER, LLC,<br>    *Plaintiff*,<br><br>  v.<br><br>DAVID HOSSFELD, and NATIONAL RENOVATIONS, LLC d/b/a REPIPE SPECIALISTS,<br>    *Defendants*. | No. 1:23-cv-00770-MSN-LRV |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Objections (ECF 474) to Magistrate Judge's Order denying Defendant David Hossfeld's Motion for Sanctions (ECF 448). Having considered the motion, the opposition, the reply, and for the reasons stated below, the Court **OVERRULES** Plaintiff's Objections.

**I. PROCEDURAL HISTORY**

On July 26, 2024, SageWater filed a Motion for Sanctions for Spoilation (ECF 278) against David Hossfeld ("Hossfeld"), asserting that Hossfeld spoliated two devices relevant to SageWater's claims: (1) a 2018 laptop purportedly owned by Hossfeld's teenage daughter that Hossfeld threw out in February or March 2023 (the "2018 Windows laptop"); and (2) an unnamed USB drive that SageWater claims Hossfeld used on his SageWater issued laptop, his personal computer, and his Repipe computer (the "No-Name USB"). ECF 285. On August 9, 2024, Defendants Hossfeld and National Renovations, LLC ("Repipe") (collectively, "Defendants") filed their opposition to Plaintiff's motion. ECF 342. SageWater thereafter filed its reply on August

16, 2024. ECF 394.[1] The Sanctions Motion (ECF 278) was set for oral argument before Magistrate Judge Lindsey R. Vaala on September 6, 2024. After hearing the parties, Judge Vaala determined that Plaintiff's motion was "not timely." ECF 450, Tr. 37:18. Accordingly, Judge Vaala denied Plaintiff's Motion for Sanctions. ECF 448. Plaintiff then filed the instant motion pursuant to Federal Rule of Civil Procedure 72(a),[2] asking this Court to set aside Judge Vaala's Order. ECF 474.

## II. LEGAL STANDARD

Under Federal Rule 72(a), "[a] party may serve and file objections to the order" of a magistrate judge "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). An objection to a magistrate judge's order should be overruled unless the moving party can demonstrate that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's order is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Attard Indus. v. United States Fire Ins. Co.*, No. 1:10-cv-121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010) (citation omitted). A magistrate judge's order is contrary to law when the order "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Furthermore, an order of a magistrate judge regarding "discovery disputes and scheduling should be afforded 'great deference.'" *Malibu Media, LLC v. John Does 1–23*, 878 F. Supp. 2d 628, 629 (E.D. Va. 2012) (citation omitted). It is "extremely difficult" for a district court to justify

---

[1] SageWater initially filed a reply on August 15, 2024 (ECF 383), but thereafter filed a corrected version on August 16, 2024 (ECF 394).

[2] Plaintiff notes that while Judge Vaala treated the spoilation motion as a non-dispositive motion (issuing an order in accord with Rule 72(a)), Plaintiff viewed the motion as a dispositive one in accord with 72(b) (as they sought a default judgment). ECF 480 at 11, n.4. Plaintiff therefore expresses its intent to not waive its request for dispositive relief under Rule 72(b). *Id.* This Court will nonetheless treat this motion under Rule 72(a).

"altering a magistrate judge's non-dispositive orders." *CertusView Techs., LLC v. S & N Locating Servs.*, LLC, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (cleaned up) (citations omitted).

### III. ANALYSIS

This Court will not disturb Judge Vaala's Order. SageWater learned about the circumstances surrounding the disposal of the 2018 laptop and the potential for additional USBs in Hossfeld's possession on April 25, 2024. ECF 502 at 1. Yet SageWater waited ***three more months*** before it moved for sanctions on those very issues, missing the discovery-related motions deadline. SageWater contends that its motion was indeed timely because it was not discovery-related and was properly filed before the deadline for ***dispositive*** motions. ECF 480 at 12. But this Court finds no clear error in Judge Vaala's determination that SageWater had no good reason for waiting until after the discovery deadline to file its motion regarding allegedly ***missing evidence***.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion (ECF 474) is **OVERRULED**.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

October 17, 2024
Alexandria, Virginia

3